**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FELIX GUZMAN RIVADENERIA,<br><br>                     Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>                     Defendant. | Case No. 2:15–cv–1187–APG–VCF<br><br>**ORDER AND<br>REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS & COMPLAINT (#1) |

Felix Guzman Rivadenira requests to proceed *in forma pauperis* and commence a civil action against the Department of Homeland Security and others (collectively "DHS") in order to create better immigration detention standards and require greater transparency in the deportation process. (Doc. #1 at 3). The proposed action is brought on behalf of himself and "thousands of [other] detainees and their families" who are awaiting deportation. (*Id*. at 1). In addition to policy reforms, Mr. Rivadenira complains that DHS is violation various constitutional rights. His application to proceed *in forma pauperis* is granted and his complaint should be dismissed.

**I.    *In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what

constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Rivadenira's affidavit states that he is unemployed, receives $200 a month from family members, has $21 in his prisoner account, and is awaiting deportation. *See* (Doc. #1 at 5). Accordingly, his Application to Proceed *In Forma Pauperis* is granted.

## II.    Mr. Rivadenira's Complaint should be Dismissed

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Section 1951(e) authorize a federal district court to dismiss an action if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*.

Pleadings prepared by *pro se* litigants are held to less stringent standards and are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). When reviewing a *pro se* plaintiff's complaint, the court accepts all material allegations as true and construes them in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin*., 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). If the court dismisses a complaint, leave to amend should be granted, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Mr. Rivadenira's complaint should be dismissed. First, his policy claims raise a nonjusticiable political question. Mr. Rivadenira's proposed action seeks to reform national standards on immigration detention and bring them "in compliance with Human Rights Principles." (Doc. #1 at 3). He requests "[e]ffective national oversight" of the Department of Immigration and Customs Enforcement and "greater transparency" and better "access to information regarding detention operations." (*Id*.) The federal courts do not entertain political questions. *See Baker v. Carr*, 369 U.S. 186 (1962). Mr. Rivadenira's policy claims should be dismissed with prejudice.

Mr. Rivadenira also complains that DHS is violating his and others' constitutional rights. These claims should be dismissed with leave to amend for two reasons. First, Mr. Rivadenira cannot assert claims on behalf of others. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). He may only assert claims on his own behalf.

Second, all of Mr. Rivadenira constitutional claims are conclusory. That is, he fails to allege any fact in support of the violations of law that he alleges. Claim one reads: "I (we) have been deprived of basic human needs and cruel and unusual punishment by all the entities listed in this lawsuit." (Doc. #1 at 1). This allegation fails to state a claim on which relief can be granted.

In order to state a viable claim, Mr. Rivadenira's complaint must state a "plausible" claim for relief. This means that his complaint must contain allegations that are not "merely consistent with liability," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681. Rather, the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Mr. Rivadenira's constitutional claims do not permit the court to draw such an inference here.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court filed the complaint (#1).

IT IS RECOMMENDED that Plaintiff's policy claims be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's constitutional claims be DISMISSED with leave to amend.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of October, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE